911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David FELTON, Plaintiff-Appellant,
v.
Nathan B. RICE, K.E. Parker, Officer Marshall, J.V. Fogg,
Defendants-Appellees.
 No. 89-7154.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1990.
Decided Aug. 16, 1990.
Rehearing Denied Sept. 10, 1990.
Rehearing In Banc Denied Oct. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (C/A No. 87-195-CRT)
 David Felton, appellant pro se.
 Sylvia Hargett Thibaut, Assistant Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C., 842 F.2d 1290.
 AFFIRMED.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Felton, a North Carolina inmate, brought this 42 U.S.C. Sec. 1983 action alleging that he was unjustifiably subjected to a visual body cavity search when guards discovered that six feet of metal fencing and a metal bar were missing from the recreation area. He also contended that the search was conducted in a racially discriminatory fashion. The district court granted the defendants' motion for summary judgment. Felton appealed. This Court affirmed the district court's order in part and vacated and remanded in part for further consideration, holding that there were genuine issues of material fact as to the nature of the search and the number of inmates searched. Felton v. Rice, No. 87-6690 (4th Cir. Mar. 16, 1988) (unpublished). On remand, the district court calendared the case for jury trial.
 
 
 2
 The case came to trial on May 2, 1989. Felton called eight witnesses, including himself. Several prison officials, including three of the defendants, testified that the search was conducted as a result of their discovery that the metal was missing from the recreation area, and their concern that the metal could be broken up into smaller pieces and used as weapons. The guards who conducted the search testified that all of the inmates in the maximum security cellblock were searched, and that the search was a routine visual body cavity search.
 
 
 3
 Felton and three other inmates also testified. All of the inmates testified that they had been subjected to visual body cavity searches, contrary to Felton's contention that only one other inmate had been searched. Further, Felton testified that he was not touched by the guard who searched him. Finally, Felton testified that he was unable to see into other inmates' cells where the searches were conducted, so he could not support his allegation that not all of the inmates were searched.
 
 
 4
 The defendants moved for directed verdict, and the district court granted the motion. Felton appealed.
 
 
 5
 The standard of review for a directed verdict is whether the evidence presents a question for the jury. Carroll v. Seaboard Air Line R. Co., 371 F.2d 903 (4th Cir.1967). Directed verdict should only be granted if the evidence and inferences from the evidence are such that reasonable people could reach only one conclusion. Seaboard Properties v. Bunchman, 278 F.2d 679 (5th Cir.1960). On appeal the evidence must be viewed in the light most favorable to the plaintiff. Beaty v. Seaboard Air Line R. Co., 400 F.2d 96 (4th Cir.1968).
 
 
 6
 The propriety of a strip search requires balancing of the need for the search versus the extent of the intrusion. Bell v. Wolfish, 441 U.S. 520, 559 (1979). Body cavity searches may be conducted in a reasonable manner without probable cause at least under certain circumstances. Bell v. Wolfish, 441 U.S. at 558-60.
 
 
 7
 In this case, as in Bell, a serious security concern precipitated the visual body cavity search. The missing metal could have been used to make weapons, and several witnesses, including both guards and inmates, testified that the metal could have been broken up into small pieces; some of those small pieces could have been concealed in inmates' body cavities. Further, the guards who conducted the search testified that when the metal was found, it had been broken into smaller pieces, at least one of which was sharpened.
 
 
 8
 Under the circumstances of this case, the visual body cavity search was not unreasonable, and even taking the facts in the light most favorable to Felton, no reasonable jury could have found otherwise. Further, all four of the inmates who testified stated that they had been subjected to a visual body cavity search, and the guards testified that all of the inmates were searched. There is no evidence to support Felton's contention that the search was conducted in a racially discriminatory manner. Consequently, we affirm the district court's grant of a directed verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 9
 AFFIRMED.